SEYFARTH SHAW LLP
Kristina M. Launey (SBN 221335)
klauney@seyfarth.com
400 Capitol Mall, Suite 2350
Sacramento, California  95814-4428
Telephone:     (916) 448-0159
Facsimile:      (916) 558-4839

SEYFARTH SHAW LLP
Cassandra H. Carroll (SBN 209123)
ccarroll@seyfarth.com
Courtney K. Bohl (SBN 278812)
cbohl@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California  94105
Telephone:     (415) 397-2823
Facsimile:      (415) 397-8549

Attorneys for Defendant
CGI FEDERAL INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATRINA MAJOR,<br><br>    Plaintiff,<br><br>    v.<br><br>CGI FEDERAL, INC., CALIFORNIA AFFORDABLE HOUSING INITIATIVES, INC., A CALIFORNIA NONPROFIT PUBLIC BENEFIT CORPORATION, and DOES 1-50 INCLUSIVE,<br><br>    Defendant. | Case No.<br><br>**DEFENDANT CGI FEDERAL INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT PURSUANT TO DIVERSITY OF CITIZENSHIP JURISDICTION**<br><br>[Alameda County Superior Court, Case No. RG13685605]<br><br>Complaint Filed:  June 26, 2013 |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendant CGI FEDERAL INC. ("CGI" or "Defendant") hereby removes the above-referenced action from the Superior Court of the State of California for the County of Alameda to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1441 and 1446, asserting original federal jurisdiction on the basis of diversity, 28 U.S.C. § 1332, and states that removal is proper for the following reasons:

**I.   BACKGROUND**

1. This removal involves an action that was filed in the Superior Court of the State of California, County of Alameda, entitled, "KATRINA MAJOR, Plaintiff, v. CGI FEDERAL, INC., CALIFORNIA AFFORDABLE HOUSING INITIATIVES, INC., A CALIFORNIA NONPROFIT PUBLIC BENEFIT CORPORATION, and DOES 1-50 INCLUSIVE, Defendants" ("Complaint") designated Alameda County Superior Court Case No. RG13685605 (the "Action"). In the Complaint, Plaintiff Katrina Major ("Plaintiff") alleges claims against CGI and California Affordable Housing Initiatives, Inc. ("CAHI") for (1) disability discrimination in violation of the California Fair Employment and Housing Act (the "FEHA"), California Government Code section 12940(a), (m), and (n); (2) age discrimination in violation of the FEHA, California Government Code section 12940(a); and (3) retaliation in violation of the FEHA, California Government Code section 12940(h). (Declaration of Courtney K. Bohl ("Bohl Decl." or "Bohl Declaration") ¶ 2.) A true and correct copy of the Summons Civil Cover Sheet and Complaint, are attached to the Bohl Declaration filed concurrently herewith, as **Exhibit 1**.

2. Plaintiff filed her Complaint on June 26, 2013. (Bohl Decl. ¶ 2.)

3. On July 1, 2013, the Court issued a Notice of Assignment of Judge for All Purposes Issued, assigning the Action to the Honorable Michael Ballachey, Department 18. (Bohl Decl. ¶ 3.) A true and correct copy of the Notice of Assignment of Judge for All Purposes Issued is attached to the Bohl Declaration filed concurrently herewith, as **Exhibit 2.**

4. On July 1, 2013, the Court issued a Notice of Case Management Conference and Order, setting the Case Management Conference for November 12, 2013 at 3:30 p.m. before the Honorable

1 | Michael Ballachey, Department 18.  (Bohl Decl. ¶ 4.)  A true and correct copy of the Notice of Case Management Conference and Order is attached to the Bohl Declaration filed concurrently herewith, as **Exhibit 3.**

5. CGI and CAHI were served with Plaintiff's Complaint on July 2, 2013.  (Bohl Decl. ¶ 5.) A true and correct copy of the Notice of Service of Process is attached to the Bohl Declaration filed concurrently herewith, as **Exhibit 4**.

6. CGI and CAHI filed their answer to Plaintiff's Complaint on August 1, 2013.  (Bohl Decl. ¶ 6.)  A true and correct copy of CGI and CAHI's Answer to Plaintiff's Complaint is attached to the Bohl Declaration filed concurrently herewith, as **Exhibit 5**.

7. On August 26, 2013, the Court issued a Notice of Judicial Reassignment for All Purposes Issued, reassigning the Action to the Honorable Kimberly E. Colwell, Department 18.  (Bohl Decl. ¶ 7.) A true and correct copy of the Notice of Reassignment of Judge for All Purposes is attached to the Bohl Declaration filed concurrently herewith, as **Exhibit 6**.

8. On August 28, 2013, the Court issued an Amended Notice of Case Management Conference and Order, rescheduling the Case Management Conference to November 12, 2013 before the Honorable Kimberly E. Colwell, Department 18.  (Bohl Decl. ¶ 8.)  A true and correct copy of the Amended Notice of Case Management Conference and Order is attached to the Bohl Declaration filed concurrently herewith, as **Exhibit 7**.

9. On October 28, 2013, CGI and CAHI filed their Case Management Statement.  (Bohl Decl. ¶ 9.)  A true and correct copy of CGI and CAHI's Case Management Statement is attached to the Bohl Declaration filed concurrently herewith, as **Exhibit 8.**

10. On November 1, 2013, Plaintiff filed her Case Management Statement.  (Bohl Decl. ¶ 10.)  A true and correct copy of Plaintiff's Case Management Statement is attached to the Bohl Declaration filed concurrently herewith, as **Exhibit 9.**

11. On November 12, 2013, the Honorable Kimberly E. Colwell entered an Order re: Case Management & Trial Setting Order With Notice of Trial (the "Order").  (Bohl Decl. ¶ 11.)  The Order set the pre-trial conference for October 17, 2014 and the trial date for October 27, 2014.  (*Id.*)  A true

1    and correct copy of the Order re: Case Management & Trial Setting Order With Notice of Trial is
2    attached to the Bohl Declaration filed concurrently herewith, as **Exhibit 10.**

3          12.    On November 20, 2013, Plaintiff filed a Notice of Motion and Motion to Compel Further
4    Written Responses and Production of Documents to Her First Request For Production of Documents to
5    Defendant CGI Federal Inc. (Bohl Decl. ¶ 12.) The Motion was originally set for hearing on January
6    10, 2014 at 9:00 a.m. (*Id.*) The hearing was subsequently reset to February 2, 2014. (*Id.*) Plaintiff
7    took her Motion to Compel off calendar on January 21, 2014. (*Id.*) A true and correct copy of
8    Plaintiff's Notice of Motion and Motion to Compel Further Written Responses and Production of
9    Documents to Her First Request For Production of Documents to Defendant CGI Federal Inc. and the
10   supporting documents is attached to the Bohl Declaration filed concurrently herewith, as **Exhibit 11.**

11         13.    On February 5, 2014, CGI filed an *Ex Parte* Application to strike page three of Exhibit B
12   from the Declaration of Felicia Curran in support of Plaintiff's Motion to Compel Further Written
13   Responses and Production of Documents to Her First Request For Production of Documents to
14   Defendant CGI Federal Inc. (Bohl Decl. ¶ 13.) A true and correct copy of CGI's *Ex Parte Application*
15   to strike page three of Exhibit B and supporting documents is attached to the Bohl Declaration filed
16   concurrently herewith, as **Exhibit 12.** On February 6, 2014, the Court granted CGI's *Ex Parte*
17   Application, striking page three of Exhibit B from the Declaration of Felicia Curran in support of
18   Plaintiff's Motion to Compel. (Bohl Decl. ¶ 14.) A true and correct copy of the Court's Order Granting
19   CGI's *Ex Parte* Application is attached to the Bohl Declaration filed concurrently herewith, as **Exhibit**
20   **13.**

21         14.    On March 6, 2014, CAHI filed its Notice of Motion and Motion for Summary Judgment
22   or Alternatively, Motion for Summary Adjudication of the Issues. (Bohl Decl. ¶ 15.) CAHI's Motion
23   was set for hearing on May 21, 2014. (*Id.*) A true and correct copy of CAHI's Notice of Motion and
24   Motion for Summary Judgment or Alternatively, Motion for Summary Adjudication of the Issues and
25   supporting documents is attached to the Bohl Declaration filed concurrently herewith, as **Exhibit 14.**

26         15.    On May 8, 2014, Plaintiff filed a Request for Dismissal of Defendant CAHI. (Bohl Decl.
27   ¶ 16.) A true and correct copy of Plaintiff's Request for Dismissal is attached to the Bohl Declaration
28   filed concurrently herewith, as **Exhibit 15**. Defendant CAHI is a nonprofit public benefit corporation

incorporated in California.  (*See* Bohl Decl. ¶ 2, **Exhibit 1**, Complaint, ¶ 3; Declaration of LeeAnn Farner in support of CAHI's Motion for Summary Judgment, or Alternatively, Motion for Summary Adjudication of Issues ("Farner Decl.") ¶ 2, **Exhibit A**.)

16. On May 8, 2014, the Court entered the Dismissal as to Defendant CAHI.  (Bohl Decl. ¶ 17.)  CGI filed the Notice of Entry of Dismissal and Proof of Service on May 9, 2014.  (*Id*.)  A true and correct copy of the Notice of Entry of Dismissal and Proof of Service is attached to the Bohl Declaration filed concurrently herewith, as **Exhibit 16**.  On this date, CGI was first able to ascertain that this case was removable on diversity grounds.  (Bohl Decl. ¶ 17.)

17. CGI is informed and believes that the documents attached to the Bohl Declaration, as **Exhibits 1-16** constitute all "process, pleadings, and orders" in the state court action within the meaning of 28 U.S.C. section 1446(a).

## II.    TIMELINESS OF REMOVAL

18. This Notice of Removal is filed less than one year from the date this action was commenced and within thirty (30) days of the date when CGI was first able to ascertain that this case was removable on diversity grounds.  (*See* Bohl Decl. ¶¶ 2, 17, **Exhibits 1 and 16**.)  CGI first became aware that this case was removable on May 8, 2014, when it received a copy of Plaintiff's Request for Dismissal of Defendant CAHI and the Court entered the Dismissal as to Defendant CAHI.  (Bohl Decl. ¶ 16-17, **Exhibit 15-16**.)  Thus, removal is timely pursuant to 28 U.S.C. Section 1446(b) and Rule 6(a) of the Federal Rules of Civil Procedure.

## III.   DIVERSITY JURISDICTION

19. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332(a)(1), and is one which may be removed to this Court by CGI pursuant to 28 U.S.C. section 1441(b) in that this action involves citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

### A.    Plaintiff's Citizenship

20. To establish citizenship for diversity purposes, a natural person must be both (a) a citizen of the United States and (b) a domiciliary of one particular state.  *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983).  CGI is informed and believes, and thereon alleges, that Plaintiff

was at all relevant times, and still is, a citizen of the State of California.  (*See* Bohl Decl. ¶ 2, **Exhibit 1**, Complaint ¶ 2.)  A party's residence is *prima facie* evidence of his/her domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).  Therefore, Plaintiff is, and at the institution of this Action, was, a citizen of California.

### B. Defendant CGI's Citizenship

21. Pursuant to 28 U.S.C. Section 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  CGI is not a citizen of the State of California.  CGI is now, and ever since this action commenced, has been incorporated under the laws of the State of Delaware, with its principal place of business in Fairfax, Virginia. (Declaration of Keith Fischler ("Fischler Decl.") ¶ 3.)

22. The appropriate test to determine a corporation's principal place of business is the "nerve center" test.  *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).  Under the "nerve center" test, the principal place of business is the state where the "corporation's officers direct, control, and coordinate the corporation's activities" and where the corporation maintains its headquarters.  *Id.*  CGI's corporate headquarters and executive offices are located at 12601 Fair Lakes Circle, Fairfax, Virginia.  (Fischler Decl. ¶ 4.)  CGI's most senior officers are also located in Fairfax, Virginia, and the majority of CGI's administrative functions, including payroll, accounting, purchasing and information, are performed in Fairfax, Virginia.  (*Id.*)  Thus, CGI's "nerve center" is in Fairfax, Virginia.  Accordingly, CGI is, and has been at all times since this Action commenced, a citizen of Virginia.

### C. Doe Defendants' Citizenship

23. Pursuant to 28 U.S.C. Section 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. Section 1332.  *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition).  Thus, the existence of Doe defendants one through fifty, inclusive, does not deprive this Court of jurisdiction.

### D. Amount in Controversy

24. While CGI denies any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional

minimum of $75,000.00. *See Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 404 (9th Cir. 1996) ("[D]efendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount."). The jurisdictional amount may be determined from the face of the complaint. *Singer v. State Farm Mutual Automobile Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). However, as explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented in the removal petition).

25. In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees. *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mutual Benefit Health & Accident Ass'n,* 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); *Conrad Assoc.'s v. Hartford Accident & Ind. Co.,* 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages).

26. Plaintiff, a current employee of CGI, alleges claims for disability discrimination, age discrimination, and retaliation in violation of the FEHA. (*See* Bohl Decl. ¶ 2, **Exhibit 1**.)

### 1. Alleged Lost Wages, Emotional Distress, and Punitive Damages

27. Plaintiff seeks to recover loss in earnings for the time that she claims she was "forced to go on medical leave" because CGI allegedly refused to accommodate her disability. (*See* Bohl Decl. ¶ 2, **Exhibit 1**, Complaint ¶¶ 24, 36, 48.) Plaintiff alleges that she was on "forced" medical leave between approximately April 19, 2012 and March 4, 2013 due to CGI's alleged failure to accommodate her disability. (*See* Bohl Decl. ¶ 2, **Exhibit 1**, Complaint ¶¶ 24-28.) During the period April 19, 2012 and March 4, 2013 (when Plaintiff was on medical leave), Plaintiff was paid $25.973 per hour. (Fischler Decl. ¶ 5.) At this wage rate, she earned approximately $54,024.00 annually, or $2,077.85 bi-weekly. (*Id*.) Accordingly, Plaintiff's total lost earnings are approximately $45,089.00.

28. Plaintiff seeks to recover for "embarrassment, humiliation, mental anguish, emotional and physical distress" (*See* Bohl Decl. ¶ 2, **Exhibit 1**, Complaint, ¶ 36; Prayer for Relief ¶ 1.) Plaintiff also seeks a recovery of punitive damages. (*See* Bohl Decl. ¶ 2, **Exhibit 1**, Complaint, ¶¶ 38, 44, 51; Prayer for Relief ¶ 2.)

29. To establish the amount in controversy, a defendant may rely on jury verdicts in cases involving similar facts. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002); *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). California jury verdicts in similar cases often exceed $75,000. *See, e.g., Landau v. County of Riverside*, 2010 WL 1648442 (C.D. Cal. 2010) (award of $1,033,500 to employee who brought action against employer based disability discrimination and failure to accommodate); *Malone v. Potter*, 2010 WL 330252 (C.D. Cal. 2010) (award of $300,000 to employee in disability discrimination and retaliation action); *Ismen v. Beverly Hosp.*, 2008 WL 4056258 (L.A. County Sup. Ct.) (award of $1,180,164 in disability discrimination and failure to accommodate action where employee lost her position after suffering on the job injury); *Kolas v. Alticor Inc.*, 2008 WL 6040410 (L.A. County Superior Ct. 2008) (award of $600,000 to employee claiming wrongful termination and disability and age discrimination); *Vaughn v. CNA Casualty of California*, 2008 WL 4056256 (C.D. Cal. 2008) (award of $850,000 to employee in disability discrimination action); *Orue v. Sears, Roebuck & Co.*, 2007 WL 2456108 (L.A. County Superior Ct. 2007) (award of $173,056 to employee who brought action based on disability and age discrimination against employer); *Martin v. Arrow Elect.*, 2006 WL 2044626 (C.D. Cal. 2006) (award of $380,306 to employee who was wrongfully terminated based upon the disabilities he developed during his employment). True and correct copies of this verdict information obtained from westlaw.com are attached to the Bohl Declaration, as **Exhibit 17**.

### 2. Attorney's Fees

30. Plaintiff also seeks to recover attorneys' fees. (*See* Bohl Decl. ¶ 2, **Exhibit 1**, Complaint, ¶¶ 37, 43, 50; Prayer for Relief ¶ 4.) Requests for attorney's fees must be considered in ascertaining the amount in controversy. *See Galt, supra*, 142 F.3d at 1156 (claims for statutory attorney's fees to be included in amount in controversy, regardless of whether award is discretionary or mandatory). Here, Plaintiff, if successful, would be entitled to an award of attorneys' fees that itself "more likely than not" would exceed $75,000.00. Verdicts show that attorneys' fees in employment cases typically exceed

$75,000.00.  *See Denenberg v. California Dep't of Trans.*, 2007 WL 2827715 (San Diego County Sup. Ct. Sept. 14, 2006) (attorney's fees award of $490,000 in case alleging discrimination, harassment, and retaliation); *McMillan v. City of Los Angeles*, 2005 WL 3729094 (Los Angeles County Sup. Ct. March 21, 2005) (attorney's fees award of $504,926 in case alleging discrimination and retaliation for filing lawsuit to redress discrimination); *Gallegos v. Los Angeles City College*, 2003 WL 23336379 (Los Angeles County Sup. Ct. Oct. 16, 2003) (attorney's fees award of $159,277 for claim of discrimination and retaliation).  The verdicts in *Denenberg, McMillan*, and *Gallegos* are attached to the Bohl Declaration, as **Exhibit 18**.

31. For each of the foregoing reasons, while CGI denies any liability as to Plaintiff's claims, it is now "more likely than not" that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

**IV.  VENUE**

32. Venue lies in this Court pursuant to 28 U.S.C. § 1441(a), as this action originally was brought in the Superior Court of the State of California, County of Alameda, and some of the alleged unlawful employment practices allegedly took place in Alameda County.  (*See* Bohl Decl. ¶ 2, **Exhibit 1**, Complaint, ¶ 15.)

**V.  NOTICE OF REMOVAL ON STATE COURT**

33. CGI will give notice of the filing of this Notice of Removal to Plaintiff and to the Clerk of the Superior Court of the State of California in and for the County of Alameda.  This Notice of Removal is concurrently being served on all parties.

DATED: June 6, 2014

Respectfully submitted,

SEYFARTH SHAW LLP

By:  /s/ Courtney K. Bohl
Kristina M. Launey
Cassandra H. Carroll
Courtney K. Bohl
Attorneys for Defendant
CGI FEDERAL INC.

17340577v.3 / 72455-0000088